Robert A. Spanner, Esq. (State Bar No. 60308)
TRIAL & TECHNOLOGY LAW GROUP
A Professional Corporation
545 Middlefield Road, Suite 220
Menlo Park, CA 94025
Telephone:   (650) 324-2223
Facsimile:    (650) 324-0178

Attorneys for Plaintiff
IP SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IP SOLUTIONS, INC., | Case No. 07-CV-02774 JF |
| Plaintiff, | **PLAINTIFF'S ANSWER TO CROSS-COMPLAINT** |
| vs. | |
| BANK OF AMERICA, N.A. and BANK OF AMERICA TECHNOLOGY AND OPERATIONS, INC., | |
| Defendants. | |

For its Answer to Defendants' Cross-Complaint, Plaintiff IP Solutions, Inc. ("IPS") states as follows:

1. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Cross-Complaint, and on that basis denies them.

2. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and on that basis denies them.

---
Plaintiff's Answer to Cross-Complaint –
Case No. 07-CV-02774 JF                           - 1 -

3. Plaintiff admits that it is a Delaware corporation with its principal place of business in San Mateo, California, and admits that it provides management training courses to clients, and denies the remaining allegations of Paragraph 3 of the Cross-Complaint.

4. Plaintiff admits the allegations of Paragraph 4 of the Cross-Complaint.

5. Paragraph 5 of the Cross-Complaint consists of legal conclusions, and Plaintiff denies the allegations of Paragraph 5 of the Cross-Complaint.

6. Paragraph 6 of the Cross-Complaint consists of legal conclusions, and Plaintiff denies the allegations of Paragraph 6 of the Cross-Complaint.

7. Plaintiff admits that the Stanford Advanced Project Management program was a project management course developed by IPS, and admits that Defendants engaged IPS to provide a project management course; Plaintiff denies the remaining allegations of Paragraph 7 of the Cross-Complaint.

8. Plaintiff admits that Defendants and IPS executed a contract entitled General Services Agreement ("Agreement"), and admits that Statement of Work #1 is attached as Exhibit 1 to the Cross-Complaint, and denies the remaining allegations of Paragraph 8 of the Cross-Complaint.

9. Plaintiff denies the allegations of Paragraph 9 of the Cross-Complaint.

10. Plaintiff denies the allegations of Paragraph 10 of the Cross-Complaint.

11. Plaintiff admits that Plaintiff and Defendants entered into a Statement of Work #2, and that a copy is attached as Exhibit 2 to the Complaint, and denies the remaining allegations of Paragraph 11 of the Cross-Complaint.

12. Plaintiff admits that it delivered two course manuals to Defendants, an instructor guide and a participant guide, and denies the remaining allegations of Paragraph 12 of the Cross-Complaint.

13. Plaintiff denies the allegations of Paragraph 13 of the Cross-Complaint.

14. Plaintiff admits that its copyrighted materials were used by Defendants, and admits that the Defendants referred to the course in which Plaintiff's copyrighted materials were used as the Project Management Foundations course, and denies the remaining allegations of Paragraph 14.

15. Plaintiff admits that it trained trainers for use of its project management course, and denies the remaining allegations of Paragraph 15 of the Cross-Complaint.

16. Plaintiff admits that the parties entered into Statement of Work #3, and that a copy is attached to the Cross-Complaint, and denies the remaining allegations of Paragraph 16 of the Cross-Complaint.

17. Plaintiff admits that the content of Statement of Work #3 is set forth in Statement of Work #3, and denies the remaining allegations of Paragraph 17.

18. Plaintiff admits that Statement of Work #3 contains provisions for payment to IPS, and denies the remaining allegations of Paragraph 18 of the Cross-Complaint.

19. Plaintiff admits that Defendants used Plaintiff's copyrighted materials in Defendants Project Management Foundations course, and denies the remaining allegations of Paragraph 19 of the Cross-Complaint.

20. Plaintiff admits that it fully performed its obligations under Statement of Work #3, and denies the remaining allegations of Paragraph 20 of the Cross-Complaint.

21. Plaintiff admits that it trained Defendants' employees, and denies the remaining allegations of Paragraph 21 of the Cross-Complaint.

22. Plaintiff admits that it received some payments from Defendants, and denies the remaining allegations of Paragraph 22.

23. Plaintiff admits that it met with Defendant Bank of America in 2006, and denies the remaining allegations of Paragraph 20 of the Cross-Complaint.

24. Plaintiff admits that it met with Defendants in 2006, and admits that it accused Defendants of violating its intellectual property rights, and Plaintiff denies the remaining allegations of Paragraph 24 of the Cross-Complaint.

25. Plaintiff admits that it communicated with Defendants about payment for copying of its copyrighted materials on several occasions, and denies the remaining allegations of Paragraph 25 of the Cross-Complaint.

26. Plaintiff admits that it sent Defendants a letter in or about December, 2006 asserting ownership of its copyrighted materials and copying of the materials by Defendants without authorization and without payment, and denies the remaining allegations of Paragraph 26 of the Cross-Complaint.

27. Plaintiff admits that in or about February, 2007 Defendants sent IPS a letter disputing Plaintiff's copyright infringement claims, and denies the remaining allegations of Paragraph 27 of the Cross-Complaint.

28. Plaintiff admits the allegations of Paragraph 28 of the Cross-Complaint.

## FIRST COUNTERCLAIM FOR RELIEF

29. Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 above.

30. IPS had the legal capacity to enter into the General Services Agreement. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 of the Cross-Complaint, and on that basis denies them.

31. Paragraph 31 of the Cross-Complaint consists of legal conclusions, and Plaintiff denies the allegations of Paragraph 31 of the Cross-Complaint.

32. Paragraph 32 of the Cross-Complaint consists of legal conclusions, and Plaintiff denies the allegations of Paragraph 32 of the Cross-Complaint.

33. Paragraph 33 of the Cross-Complaint consists of legal conclusions, and Plaintiff denies the allegations of Paragraph 33 of the Cross-Complaint.

34. Paragraph 34 of the Cross-Complaint consists of legal conclusions, and Plaintiff denies the allegations of Paragraph 34 of the Cross-Complaint.

## SECOND COUNTERCLAIM FOR RELIEF

35. Plaintiff realleges and incorporates by reference Paragraphs 1 through 34 above.

36. Plaintiff denies the allegations of Paragraph 36 of the Cross-Complaint.

37. Plaintiff denies the allegations of Paragraph 37 of the Cross-Complaint.

## THIRD COUNTERCLAIM FOR RELIEF

38. Plaintiff realleges and incorporates by reference Paragraphs 1 through 37 above.

39. Plaintiff denies the allegations of Paragraph 39 of the Cross-Complaint.

40. Plaintiff denies the allegations of Paragraph 40 of the Cross-Complaint.

41. Plaintiff denies the allegations of Paragraph 41 of the Cross-Complaint.

## FOURTH COUNTERCLAIM FOR RELIEF

42. Plaintiff realleges and incorporates by reference Paragraphs 1 through 41 above.

43. Plaintiff denies the allegations of Paragraph 43 of the Cross-Complaint.

44. Plaintiff admits that it provided its copyrighted material to Defendants, and admits that the Project Management Foundations course materials incorporated Plaintiff's copyrighted material. Plaintiff denies the remaining allegations of Paragraph 44 of the Cross-Complaint.

45. Paragraph 45 of the Cross-Complaint consists of legal conclusions, and Plaintiff denies the allegations of Paragraph 45 of the Cross-Complaint.

## FIFTH COUNTERCLAIM FOR RELIEF

46. Plaintiff realleges and incorporates by reference Paragraphs 1 through 45 above.

47. Plaintiff denies the allegations of Paragraph 47 of the Cross-Complaint.

48. Plaintiff denies the allegations of Paragraph 48 of the Cross-Complaint.

49. Paragraph 49 of the Cross-Complaint consists of legal conclusions, and Plaintiff denies the allegations of Paragraph 49 of the Cross-Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (Failure to State a Claim)

1. Each of the causes of action of Defendants' Cross-Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense (Waiver)

1. Defendants breached Paragraph 22 of the General Services Agreement by failing to engage in dispute resolution procedures as set forth therein.

2. Accordingly, each cause of action of the Cross-Complaint is barred under the doctrine of waiver.

---

Plaintiff's Answer to Cross-Complaint –
Case No. 07-CV-02774 JF                    - 6 -

### Third Affirmative Defense (Estoppel)

1. Defendants breached Paragraph 22 of the General Services Agreement by failing to engage in dispute resolution procedures as set forth therein.

2. Accordingly, Defendants are estopped from prosecuting each cause of action of the Cross-Complaint.

### Fourth Affirmative Defense (Waiver)

1. Defendants have, by their conduct herein, waived any breach based on absence of jurisdiction or venue.

WHEREFORE, Plaintiff prays:

1. That Defendants' Cross-Complaint be dismissed;

2. For award of its costs and fees; and

3. For such other and further relief as the Court deems just and proper.

Dated: September 4, 2007        TRIAL & TECHNOLOGY LAW GROUP
                                A Professional Corporation
                                Attorneys for Plaintiff
                                IP SOLUTIONS, INC.


                                By: _____
                                       Robert A. Spanner