Robert A. Spanner
(CSB#60308)
TRIAL & TECHNOLOGY LAW GROUP.
545 Middlefield Road, Suite 220
Menlo Park, CA 94025
Telephone: (650) 324-2223
Facsimile: (650) 324-0178

Attorney for Plaintiff
IP SOLUTIONS, INC.

David J. Miclean
(CSB#115098/miclean@fr.com)
Christina D. Jordan
(CSB# 245944/cjordan@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendants
BANK OF AMERICA, N.A. and
BANK OF AMERICA TECHNOLOGY
AND OPERATIONS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**(SAN JOSE DIVISION)**

IP SOLUTIONS, INC., a Delaware corporation,

Plaintiff,

v.

BANK OF AMERICA, N.A., a National Banking Association member, and BANK OF AMERICA TECHNOLOGY AND OPERATIONS, INC., a Delaware corporation,

Defendants.

Case No. 07-CV-2774 (JF)

**JOINT STIPULATED RULE 26(f)/CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

Date: December 7, 2007
Time: 10:30 a.m.
Place: Courtroom 3, 5th Floor
Judge: Honorable Jeremy Fogel

Pursuant to the Court's Order of October 2, 2007 and the Clerk's Notice of October 3, 2007, the parties in the above-entitled action, Plaintiff IP Solutions, Inc. ("IPS") and Defendants Bank of America, N.A. and Bank of America Technology and Operations, Inc. (collectively, "Bank of America") submit this Joint Case Management Statement and Proposed Order addressing the topics identified in N.D. Cal. Local Rule 16-9 and Federal Rule of Civil Procedure 26(f).

/ / /

/ / /

## DESCRIPTION OF THE CASE

### 1. Jurisdiction and Service

This action was brought under the Federal Copyright Act, 17 U.S.C. § 101 *et. seq*., with subject matter jurisdiction premised upon 28 U.S.C. §§ 1331 and 1338(a)-(b). IPS asserts that this Court has supplemental jurisdiction over its contract claims pursuant to 28 U.S.C. § 1367. Bank of America contends that this Court lacks subject matter jurisdiction over IPS' claims due to the preemption of IPS' copyright claim by its contractual claim.

Service is complete. No issues exist regarding personal jurisdiction.

Bank of America contends that venue in this district is improper, due to a controlling forum selection clause in the parties' Agreement committing exclusive jurisdiction to the courts of North Carolina. Plaintiff contends that the forum selection clause is not effective.

### 2. Facts

IPS filed this suit on May 5, 2007, alleging copyright infringement, breach of contract, and breach of the covenant of good faith and fair dealing by Bank of America.

IPS' Position: IPS alleges that Bank of America both breached its contract with IPS by refusing to pay a $450 per copy license fee for the copying of its project management course materials ("PMM Materials") , which it developed over many years at a cost of many millions of dollars, and that by exceeding the scope of IPS' license to Bank of America, which did not confer the right to copy the PMM Materials, the Bank committed copyright infringement.

Bank of America's Position: It is Bank of America's position that IPS was paid to develop and customize project management materials for Bank of America' s use, pursuant to a contract between the parties that included provisions 1) granting Bank of America ownership of the customized materials, and 2) granting Bank of America a license to use any of IPS' copyrighted material incorporated into the customized materials. Bank of America filed its Answer and Counterclaims on July 31, 2007, denying IPS' allegations of copyright infringement and breach and raising various affirmative defenses. Bank of America asserted Counterclaims for, *inter alia*, Declaratory Judgment that it owned the materials at issue pursuant to the contract and Declaratory

Judgment of non-infringement as a result of this ownership. Bank of America also raised a Counterclaim alleging that IPS' conduct in bringing the present suit breached the parties' contract.

**3. Legal Issues**

The principal legal issues in dispute are as follows:

a. Whether IPS' registrations of copyright are invalid;

b. Whether Bank of America breached the terms of the parties' agreement by failing to pay IPS $450 for each copy made of the PMM Materials;

c. Whether Bank of America exceeded the scope of its license by copying the PMM Materials without authorization;

d. Whether the Bank of America had any ownership interest in the PMM Materials after they were customized for the Bank, and what is the extent of that ownership interest;

e. Whether IPS breached the terms of the parties' agreement by filing the present action.

f. Whether IPS' Complaint against Bank of America fails to state facts sufficient to support any claim upon which relief can be granted.

g. Whether the parties' agreement is unenforceable due to a lack of mutual consent, and what legal effect that unenforceability would have;

h. Whether the parties' agreement is valid and enforceable with respect to its surviving provisions.

i. Whether IPS' claims are barred by the doctrine of laches.

j. Whether IPS had knowledge of, and expressly consented and agreed to, Bank of America's conduct about which IPS is now complaining, thereby waiving any claim arising out of such conduct.

k. Whether any use by Bank of America of the materials at issue was a fair use.

l. Whether IPS' claim for breach of the covenant of good faith and fair dealing is preempted by federal copyright law under 17 U.S.C. § 106.

m. Whether Bank of America is entitled to specific performance by IPS of its obligations under Section 21 of the parties' agreement, requiring IPS to promptly dismiss this action.

n. Whether Bank of America has the contractual right to use the materials at issue.

o. Whether Bank of America is entitled to Declaratory Judgment of Non-Infringement.

p. Whether Bank of America has a contractual right of ownership to the materials at issue.

q. Whether Bank of America is entitled to Declaratory Judgment of ownership of the materials at issue.

r. Whether IPS is barred from asserting any claims for statutory or enhanced damages under 17 U.S.C. § 504 and any claims for costs or attorneys' fees under 17 U.S.C. § 505 against Bank of America, pursuant to 17 U.S.C. § 412.

s. Whether venue in this District is improper due to the controlling forum selection agreement in Section 21 of the parties' agreement.

t. Whether this Court lacks subject matter jurisdiction over this claim due to IPS' lack of ownership of any valid copyrights in the materials at issue.

**4. Procedural History and Motions**

The Complaint in this action was filed by IPS on May 5, 2007 and Bank of America was served on June 22, 2007. By stipulation to extend time, Bank of America filed its Answer and Counterclaims on July 31, 2007. IPS filed its Answer to Bank of America's Counterclaims on September 4, 2007.

IPS declined to proceed before a magistrate judge on June 1, 2007, and on June 5, 2007, the case was reassigned to this Court. The parties stipulated to continue the initial Case Management Conference from August 29, 2007 up to and until October 26, 2009. By stipulation and order of the Court, the Case Management Conference was again continued until December 7, 2007. The continuances were sought by the parties for the purpose of conducting a mediation, which they have done.

There are no pending motions. At this point, it is too early to determine whether the parties will file any further motions. Nevertheless, Bank of America expects that it will file motions for summary judgment on, at least, the issues of non-infringement, ownership, and breach of contract. Additionally, Bank of America anticipates filing a motion for transfer of venue pursuant to a forum clause in the contract between the parties. IPS intends to file a motion for judgment on the pleadings addressed to the Cross-Complaint, and possibly a motion for summary judgment on the issue of infringement.

**5. Amendment of Pleadings**

The parties do not anticipate amendment of the pleadings at this time. .

**6. Evidence Preservation**

Both parties have been advised not to destroy evidence relevant to the issues reasonably evident in this action, including putting a litigation hold on document destruction programs and electronic evidence.

## DISCLOSURES

**7. Disclosures**

The parties anticipate exchanging initial disclosures on or before December 13, 2007, pursuant to agreement, Fed. R. Civ. P. 26(a)(1), and the Court's Order Setting Initial Case Management Conference and ADR Deadlines. The parties' initial disclosures will include a list of individuals likely to have discoverable information that the parties may use to support their claims or defenses. In accordance with Fed. R. Civ. P. 26(A)(1)(B), the parties' initial disclosures will also identify categories of documents that they may use to support their claims or defenses. Because there has been no discovery to date, any calculation of damages to be included in Bank of America's initial disclosures would be premature and will therefore not be included.

## DISCOVERY

**8. Discovery**

The parties agree that the limitations on discovery as set forth in the Federal Rules of Civil Procedure are appropriate for this case. The parties anticipate producing electronic documents and agree to meet and confer regarding appropriate procedures for production at a later date.

Bank of America served IPS with its first sets of Interrogatories and Requests for Production on November 28, 2006. To date, no other discovery has taken place. The parties plan to conduct discovery on all claims and counterclaims, including on at least the following issues:

- Copyright infringement;
- Validity of existing copyright registrations;
- Breach of contract;
- Negotiation and interpretation of the parties' contract;
- Performance under the parties' contract; and
- Damages.

The foregoing list is intended to be representative, not exhaustive, and the parties will advise the Court as this action progresses as to any additional and/or different issue that may require discovery, motion practice, and/or resolution at trial. The parties do not believe that discovery should be phased or limited to particular issues.

The parties propose the following dates for this case:

| ACTIVITY | PLAINTIFF'S PROPOSED DATES[1] | DEFENDANTS' PROPOSED DATES[2] |
|---|---|---|
| Initial disclosures (FRCP 26) | December 13, 2007 | December 13, 2007 |
| Last day to amend pleadings | June 1, 2008 | January 3, 2008 |
| Close of fact discovery | January 2, 2009 | March 3, 2008 |
| Last day to serve expert disclosures and reports (FRCP 26(a)(2)) on issues on which the party bears the burden of proof | March 1, 2009 | April 7, 2008 |
| Last day to serve rebuttal expert reports | April 1, 2009 | May 5, 2008 |
| Last day to file dispositive | June 1, 2009 | July 7, 2008 |

1 IPS proposes a separate schedule as the dates proposed by Defendants exactly overlap the preparation and trial of a malpractice action regarding a failed proxy solicitation set for trial in November of 2008 before Judge Jenkins.

2 Bank of America feels that a trial date in October of 2008 would be most appropriate for this case.

| ACTIVITY | PLAINTIFF'S PROPOSED DATES[1] | DEFENDANTS' PROPOSED DATES[2] |
|---|---|---|
| motions | | |
| Pre-trial disclosures (FRCP 26(a)(3)) | Pretrial Conference July 15, 2009 | September 8, 2008 |
| Jury Trial | August 15, 2009 | October 6, 2008 |

**9. Class Action**

This is not a class action case.

**10. Related Cases**

There are no related cases.

**11. Relief**

Plaintiff's Statement: Plaintiff seeks recovery of $450 for each copy made of any document incorporating Plaintiff's PMM Materials, and will seek an injunction against continued use of any material in Bank of America's possession which incorporates such material.

Defendants' Statement: Bank of America believes that IPS is not entitled to any damages and is not entitled to any other relief it has asked for in its Complaint. Bank of America contends that IPS actively breached the parties' agreement in bringing this suit, and that Bank of America has been damaged in being forced to litigate. Bank of America will therefore ask this Court to enter judgment in its favor and award Bank of America its attorneys' fees and costs incurred in defending itself in this action. Additionally, Bank of America will ask this Court for a Declaratory Judgment that Bank of America is the owner of the materials at issue, and that Bank of America does not and has not infringed IPS' copyrights.

## ALTERNATIVE DISPUTE RESOLUTION

**12. Settlement and ADR**

The parties participated in a mediation on October 22, 2007. The parties did not resolve their issues during the mediation.

**13. Consent to Magistrate Judge for All Purposes**

The parties do not consent to proceed before a Magistrate Judge.

**14. Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**TRIAL SCHEDULE**

**15. Narrowing of Issues and Expedited Schedule**

To date, the parties have not identified any issues that can be narrowed by agreement or by motion, nor do the parties currently have any suggestions to expedite the presentation of evidence at trial.

**16. Trial**

The parties have both requested that this case be tried to a jury. The parties expect that the trial may last from 5-8 court days.

**16. Disclosure of Non-Party Interested Entities or Persons**

Apart from IPS and the named Defendants, the parties are not aware of any person, associations, firms, partnerships, corporations, or other entities known to have either (1) financial interest in the subject matter at issue or in a party to the proceeding; or (2) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**17. Current Service List**

Plaintiff's counsel may be served at:

Robert A. Spanner (CSB#60308/ras@trialtechlaw.com)
TRIAL & TECHNOLOGY LAW GROUP.
545 Middlefield Road, Suite 220
Menlo Park, CA 94025
Telephone: (650) 324-2223
Facsimile: (650) 324-0178

Defendants' counsel may be served at:

David J. Miclean (CSB#115098/miclean@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Christina D. Jordan
(CSB# 245944/cjordan@fr.com)

FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Dated November 30, 2007

By: /s/ Robert A. Spanner
Robert A. Spanner
TRIAL & TECHNOLOGY LAW GROUP.

Attorney for Plaintiff
IP SOLUTIONS, INC..

By: /s/ Christina D. Jordan
David J. Miclean
Christina D. Jordan
FISH & RICHARDSON P.C.

Attorneys for Defendants
BANK OF AMERICA, N.A. and
BANK OF AMERICA TECHNOLOGY
AND OPERATIONS, INC.

**DECLARATION OF CONSENT**

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Robert A. Spanner.

Dated: November 30, 2007 FISH & RICHARDSON P.C.

By: /s/ Christina D. Jordan
Christina D. Jordan

Attorneys for Defendants
BANK OF AMERICA, N.A. and BANK OF AMERICA TECHNOLOGY AND OPERATIONS, INC.

ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _______________,2007

_________________________________________
HONORABLE JEREMY FOGEL
JUDGE OF THE UNITED STATES DISTRICT COURT

50451925.doc